1  WILLIAM J. WHITSITT
   335 CLOVER ROAD
2  TRACY, CA 95376
   (209) 835-8053
3  WHITSITTW@YAHOO.COM
4  IN PROPRIA PERSONA

**ORIGINAL**

**FILED**

OCT 1 1 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

7  IN THE UNITED STATES DISTRICT COURT FOR EASTERN DISTRICT OF CALIFORNIA SACRAMENTO

8                                            )
9  WILLIAM J. WHITSITT                       )      2:06 - CV - 2 2 4 1 LKK DAD PS
                                             )
10                                           )    **COMPLAINT FOR ADEA**
                                             )    **DISCRIMINATION IN**
11 ------------VS----------                  )    **HIRING AND RETALIATION**
                                             )    **FOR DISCRIMINATION CLAIM**
12                                           )
   CARMONA STAFFING                          )
13                                           )
   MARTHA ACEVEDO                            )
14                                           )
15 _____)

16                        ## (JURISDICTION)

17     **28 U.S.C. §§ 1343(3)** GRANTS JURISDICTION TO THE FEDERAL DISTRICT COURT TO Hear

18 and Determine all Title VII and ADEA Civil Rights Matters. In doing so Congress gave

19 Exclusive and Original Jurisdiction by Act of Congress to Federal District Court over all Civil

20 Rights matters. Equal Rights under the Fourteenth Amendment Clearly Grants Jurisdiction to

21 Federal Court for ADEA and other Title VII Claims.

22
23             ## (BRIEF HISTORY FILED WITH EEOC AND DFEH)

24        I Noticed that there was Job Opening for a Cabinet Maker on Cal-Jobs on (January 27th,
   2006). I called Carmona Agency at approximately 10AM. I was told there was a Job opening for Cabinet
25 Maker and I would be hired over the phone. Friday (January 27th, 2006 at approx 10:45 AM). She scheduled me
   for an appointment on: (Monday January 29th, 2006 at 10AM). [Martha Acevedo]. When I arrived and filled out all
26 the paperwork and gave her my Resume. She first gave me a funny look, like I was too old to work for her. She also
   asked me my age and I told her (51). Monday 11:45 AM). [Martha Acevedo]. She told me I will in contact with
27 you soon. I called back several times, (Tuesday January 30,2006 at 10:45 AM), (Wednesday February 1, 2006
28

at 1:45 PM). That is when Martha Acevedo, stated to me that: "The owner of that Cabinet Shop is on vacation this week in Hawaii. He will be back next week. I called the supervisor who was left in charge and faxed him your Resume again. It is up to him." Then I would be working for Carmona Staffing until I made 90 days. I am either hire and fired or whatever by Carmona Staffing they are the people that would be paying me my wages. I called again on: (Thursday February 2, 2006). That when she said that she would call me on: (Monday February 5, 2006 in the afternoon). I waited till 4:30 PM and tried to Call Martha, the other girl working for Carmona Staffing took a message and said Martha was in a Staff meeting and that she would give Martha the message. I waited till (Tuesday Feb. 6, 2006), at 3:45 PM and still no call from Martha. I then called Martha and she said she is still waiting. On (Thursday Feb. 8, 2006 at 11 AM) I called Martha and Claimed Discrimination and then I faxed the first letter see Exhibit A and I also mailed a copy via first class mail. Then she called me back that afternoon about 45 minutes after I received the Fax confirmation email. Martha stated that the employer was not hiring but laying off the Temporary Employees.

Last week on: (Friday, February 24th, 2006), I noticed that they still had the same add of CAL-JOBS. Letter to Carmona Staffing Agency sent 2 times see (Exhibit A.) Let Judicial Notice be taken here, that Carmona Agency had that Employment Add for another month. Let Judicial Notice be taken here, that Carmona Agency had that Employment Add for another month. On (Friday February 24th, 2006) Let Judicial Notice be taken, here that I called Carmona Staffing about the Cabinet Maker Job, and Martha told me to come in and fill out an application and the job was still open. When I told her who I am (gave her my name) she stated that she that she could hire me for that job opening.

# (ADEA DISCRIMINATION IN HIRING)

The Facts of the ADEA Case above speak for themselves. I called Carmona Agency about a Cabinet Maker on January 29th, 2006. I was told by **Martha Acevedo** that their was a Job and the Employer in Stockton was seeking experienced Cabinet Makers. I made an appointment to Interview for the job, on Monday. She stated to me that this Employer was seeking several new Workers to Hire. I went to the Job Interview with Carmona Agency and filled out the Job Application. Their Job Application asked me for my Date of Birth and current Age. In Fact **Martha Acevedo** also asked me for my age. I told her that I was 51. I was denied employment because of my Age (51). I was qualified to do the Job for Hiring. I have over 6 years direct Experience in the Cabinet Trade. (2) qualification for the job in question,. I am (51) and over the age of (40). (1) membership in a protected group,. I was Not Hired because of my Age. (3) an adverse employment action,. See: **(Exhibits A, B, C.)** These Exhibits of Evidence clearly prove beyond by Preponderance of Evidence that Carmona Agency was still seeking Workers to fill the Position that I Applied for and was Not Hired. (4) circumstances supporting an inference of

1   discrimination—is an evidentiary standard, not a pleading requirement. I am certain that Carmona Agency Hired

2   probably several Considerably Younger Workers for the same Position that I was Not offered.

3   McDonnell Douglas framework—which requires the plaintiff to show (1) membership in a protected group, (2)
4   qualification for the job in question, (3) an adverse employment action, and (4) circumstances supporting an inference
    of discrimination—is an evidentiary standard, not a pleading requirement. See, e.g., 411 U. S., at 800.

5
6   Thus, clearly denied Employment because I am over 40 (51). The Employer (Carmona
7   Agency) did Not offer or give any Lawful Reason that I was Not Hired for the Applied for
8   Advertised Job Opening. Thus, Business Necessity cannot be Used as an Excuse for Not being
9   Hired. **DAMAGES DEMANDED FOR: ADEA DISCRIMINATION IN HIRING: $ 330,000.00 =**
10  **THREE HUNDRED THIRTY THOUSAND DOLLARS.**

11
12  # (UNLAWFUL DISCRIMINATION IN HIRING PRACTICES)

13  I was Denied Employment because of my being over the Age of 40 (51). This
14  constitutes Unlawful Discrimination in Hiring Practices. Let Judicial Notice be taken, here that
15  the Named Employer acted with Full Intent and Knowledge with Wanton and Deliberate Intent
16  on Malice. This is Probably their Predestined Plan to Discriminate. They acted with Callous
17
18  Indifference to my Civil Rights. I am sure with a Thorough Investigation, it will Prove a
19  Pattern of widespread and Deliberate and Intentional Discrimination. It will Prove that the Named
20  Employer (Carmona Staffing) acted with Malicious Intent.

21  Age Discrimination in Employment Act broadly prohibits arbitrary discrimination in the workplace based on age. Age
    Discrimination in Employment Act of 1967, ~§ 2 et seq., 4(a), (a)(1),©), (f)(1, 2), as amended, 29 U.S.C.A. §§ 621
22  et seq., 623(a), (a)(1), ©), (f)(1,2). Trans World Airlines, Inc. v. Thurston, 105 S.Ct. 613, 469 U.S. 111, 83 L. Ed.2d
    523
23
24  Thus I have established ADEA Prime Facie Case with Direct Evidence of Discrimination.
25  **DAMAGES DEMANDED FOR: UNLAWFUL DISCRIMINATION IN HIRING PRACTICES:**
26  **$ 250,000.00 = TWO HUNDRED FIFTY THOUSAND DOLLARS.**

27
28  ------------------------------------------------------------------------

# (DISPARATE IMPACT OR TREATMENT)

Not being Hired because of my Age over 40 (51), creates a Disparate Impact or Treatment if Considerably Younger Workers where hired and treated more favorably than I was. It means that Younger workers with either less or No Experience are being given Preferential Treatment over more Experienced Older Worker over the Age of 40. Thus, creation of an Unfair and Unlawful advantage being given to the Younger Workers. Thus creating a Disparate Impact and or Treatment to me and all other qualified Workers over the age of 40.

ADEA is designed not only to address individual grievances, but also to further important social policies. **Age Discrimination in Employment Act of 1967, § 2 et seq., as amended, 29 U.S.C.A. § 621 et seq. Clinter v. Interstate/Johnson Lane Corp., 111 S. Ct. 1647, 500 U.S. 20, 114 L. Ed.2d 26.**

Disparate Impact or Treatment claims are cognizable under ADEA.

Disparate-impact claims challenge "'employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity.'" **Hazen Paper Co. v. Biggins, 507 U.S. 604, 609 (1993)**

The Named Employer (Carmona Agency) has clearly engaged into Unfair and Unlawful Hiring Practices to Discriminate against Workers over the Age of 40. It creates and Unfair Treatment to Younger Workers. Thus, giving an Unfair Advantage in violation of Equal Protection granted by Civil Rights Act. **DEMANDED FOR DAMAGES DISPARATE TREATMENT OR IMPACT.**

$ 330,000.00 = **THREE HUNDRED THIRTY THOUSAND DOLLARS.**

# (DENIAL OF THE RIGHT TO WORK)

The Named Employer did Deny me the Right to Work with Discriminatory Intent. I was Denied the Right to Trade my Labor for Compensation for my Labor. I was Denied the Right to Contract my Labor for Wages (Compensation for Labor). The Fourteenth Amendment guaranties me the Right to Work, to Contract my Labor for Compensation for my Labor. It Violates Anti

1 Discrimination Laws (ADEA) under Federal Law, and California State Law (FEHA). See: "... **THE**

2 **PROPERTY WHICH EVERY MAN HAS IS HIS OWN LABOR,...**" Butchers' Union Co. v. Crescent City Co., **111 U.S. 746 (1883).**

3 Thus establishing a clear violation of my Inalienable Right under the Fourteenth Amendment to

4

5 to Work and or Trade my Labor or Contract my labor for Compensation and or Wages.

6 # (RETALIATION FOR DISCRIMINATION CLAIM)

7 By continuing their Employment Add in Cal-Jobs, Proves Retaliation by Not Hiring me

8

9 or even Consideration for employment. It Clearly shows an Intent on Retaliation. I need Not

10 bring this Charge to the EEOC to Exercise the Right to Sue for Retaliation. See: In Farmer v. ARA

11 Services Inc., **660 F.2d 1096, 1106 (6th Cir. 1981).** The Employment Agency Defendant (Carmona Staffing),

12 has shown their Clear intent on Retaliation. Failure to hire in Future is the Adverse Employment

13 Action. The 2 Letters Making a Discrimination Claim are the Relation Discriminatory or protected

14

15 activity. See: Moyo v. Gomez, **(C.A.9 (Cal.) 1994) 32 F.3d 1382, opinion amended 40 F.3d 982, certiorari denied**

16 California Dept. of Corrections v. Moya, **115 S Ct 732, 513 U.S. 1081, appeal after remand 164 F.3d 1382;** Green v.

17 Clarendon County School Dist. Three **D.S.C.1996, 923 F. Supp. 829 ;** Hoeppner v. Crotched Mountain Rehabilitation Cen.

18

19 ter, Inc., **C.A.1 (N.H.) 1994, 31 F.3d 9.** Federal Civil Procedure Sect. 2544; Essex v. United Parcel Service Inc., **C.A.7**

20 **(Ind.) 1997, 111 F.3d 1304.**

21 Let Judicial Notice be taken here, that Carmona Agency had that Employment Add for another month. On
22 (Friday February 24th, 2006) Let Judicial Notice be taken, here that I called Carmona Staffing about the
Cabinet Maker Job, and Martha told me to come in and fill out an application and the Job was still open.
23 When I told her who I am (gave her my name) she stated that she that she could hire me for that Job
opening.
24

25 This Clearly Proves and show the Intent to Retaliate against me for making a

26 Discrimination Claim. Martha Acevedo's own words Prove a Retaliatory Intent for

27 Discrimination Claim.

28

---

RETALIATION DAMAGES DEMANDED FOR: $ 500,000.00 FIVE HUNDRED THOUSAND DOLLARS.

## (PUNITIVE DAMAGES)

Let further Judicial Notice be taken here, that this Named Defendant Employer (Carmona Agency), has Clearly Acted with Deliberate, Wanton, Intent on Malice. They also Acted with Callous Indifference to my Civil Rights and the Law. They knew and or had to know that their Acts where in Violation and Deprivation of my Civil Rights. It Demonstrates a Callous Indifference to my Rights and the Law. Thus, Establishing the Right to Punitive Damages. **PUNITIVE DAMAGES ARE DEMANDED FOR** PUNITIVE DAMAGES OF: $ 1,500,000.00 = ONE MILLION FIVE HUNDRED THOUSAND DOLLARS.

## (EMOTIONAL DISTRESS)

I Experienced Sleeplessness, Anxiety, Depression and Severe Hurt for being Discriminated against because I am over (40). My Person and Finances have faced Irreparable Harm. I have the feeling of being Worthless because of my age of (51). I also feel the sense of Helplessness because I am Unwanted as a Productive Worker. I feel as though I am No Longer a Productive and Excepted part of Society because I am over (40). To treat me like I am Worthless and Less than any other Citizen is In-Human and Unconstitutionally Unlawful. I am Damaged in my person and disgraced. All because I am over (40). **DEMAND FOR DAMAGES FOR INFLICTION OF**

**1** **EMOTIONAL DISTRESS IS: $ 350,000.00 - THREE HUNDRED FIFTY THOUSAND**

**2** **DOLLARS.**

**3**

## (INDIVIDUALLY NAMED DEFENDANT)

**4**

**5**   I have Named MARTH ACEVEDO, as an Individual Actor and Defendant for her

**6** Acts of Retaliation against me for making a Discrimination Claim.

**7**

**8** On (Thursday Feb. 8, 2006 at 11 AM) I called Martha and Claimed Discrimination and then I faxed the first letter see Exhibit A and I also mailed a copy via first class mail.   Then she called me back that afternoon about 45 minutes after I received the Fax confirmation email. Martha stated that the employer

**9** was not hiring but laying off the Temporary Employees.   Last week on: (Friday, February 24th, 2006), I noticed that they still had the same add of CAL-JOBS. Letter to Carmona Staffing Agency sent 2 times

**10** see (Exhibit C.)   Let Judicial Notice be taken here, that Carmona Agency had that Employment Add for another month. On (Friday February 24th, 2006) Let Judicial Notice be taken, here that I called Carmona

**11** Staffing about the Cabinet Maker Job, and Martha told me to come in and fill out an application and the job was still open. When I told her who I am (gave her my name) she stated that she that she could hire

**12** me for that job opening.

**13**

**14**   Martha Acevedo told me after I made a Discrimination Claim to her over the

**15** phone and by Fax, that the Employer was laying off all Temporary Workers and he

**16** was not Going to hire any more.

**17**

**18** Last week on: (Friday, February 24th, 2006), I noticed that they still had the same add of CAL-JOBS. On (Thursday Feb. 8, 2006 at 11 AM) I called Martha and Claimed Discrimination and then I faxed the first letter see Exhibit A and I also mailed a copy via first class mail.   Then she called me back that afternoon

**19** about 45 minutes after I received the Fax confirmation email. Martha stated that the employer was not hiring but laying off the Temporary Employees. When I told her who I am (gave her my name) she stated

**20** that she that she could hire me for that job opening.

**21**   Martha Acevedo's own Words prove Her Individual Intent on Retaliation. The

**22**

**23** Federal Rules of Civil Procedure require the District Court to apply Applicable State

**24** Law Claims with Federal Law Claims. FEHA allows for Individuals to be sued in

**25** Retaliation Claims, see:  In **WINARTO v. TOSHIBA AMERICA  ELECTRONICS COMPONENTS, INC.**, No.

**26** **99-55448, 274 F.3d 1288.** Martha Acevedo did Not act by accident she Acted with

**27**

**28**

1  Deliberate, Wanton, Spite and Ill-Will and Malicious Intent on Retaliation against me

2  because I made a Discrimination Claim. For Discrimination Claim made, see: **(Exhibit**

3
4  **C.).** This Letter was sent to Carmona Staffing twice. Martha Acevedo acted with Full

5  Intent and Knowledge with Wanton Deliberate Callous Indifference to my Civil Rights.

6  Thus, she (Martha Acevedo) Violated California's FEHA Anti-Retaliation Clause by her

7  Individual Acts of Retaliation. **I DEMAND IN INDIVIDUAL DAMAGES FROM
8  MARTHA ACEVEDO FOR INDIVIDUAL RETALIATION: $ 300,000.00 THREE
   HUNDRED THOUSAND DOLLARS**

9
## (IN CONCLUSION)
10

11     In Conclusion I have presented to this Court a Prime Facie Case of ADEA

12  Discrimination and Retaliation for making a Discrimination Claim. I have Presented

13
14  Direct Evidence of Discrimination which will Prove By a Preponderance of Evidence,

15  Actual Intentional Discrimination and Retaliation. I will Prove by a Preponderance of

16  Evidence Callous Indifference to my Civil Rights with Wanton, Deliberate Intent on

17  Malice.

18
## (DAMAGES DEMANDED FOR)
19

20     I AM DEMANDING THE FALLOWING COMPENSATORY, ACTUAL, AND
   PUNITIVE DAMAGES AND OR FRONT PAY:
21

22  **DAMAGES DEMANDED FOR: ADEA DISCRIMINATION IN
23  HIRING:**                                                          **$ 330,000.00**
   THREE HUNDRED THIRTY THOUSAND DOLLARS.
24

25  **DAMAGES DEMANDED FOR: UNLAWFUL DISCRIMINATION
26  IN HIRING PRACTICES:**                                       **$ 250,000.00**
   TWO HUNDRED FIFTY THOUSAND DOLLARS.
27

28
---

| | |
|---|---|
| **DEMANDED FOR DAMAGES DISPARATE TREATMENT OR IMPACT:** | **$ 330,000.00** |
| THREE HUNDRED THIRTY THOUSAND DOLLARS. | |
| **RETALIATION DAMAGES DEMANDED FOR:** | **$ 500,000.00** |
| FIVE HUNDRED THOUSAND DOLLARS. | |
| **PUNITIVE DAMAGES ARE DEMANDED FOR.** | |
| **PUNITIVE DAMAGES OF:** | **$1,500,000.00** |
| ONE MILLION FIVE HUNDRED THOUSAND DOLLARS. | |
| **DEMAND FOR DAMAGES FOR INFLICTION OF EMOTIONAL DISTRESS IS:** | **$ 350,000.00** |
| THREE HUNDRED FIFTY THOUSAND DOLLARS | |
| **DAMAGES FROM MARTHA ACEVEDO FOR INDIVIDUAL RETALIATION:** | **$ 300,000.00** |
| THREE HUNDRED THOUSAND DOLLARS | |
| **I ALSO DEMAND AS MATTER OF RIGHT ONE YEARS WAGES AND BENEFITS FRONT PAY:** | **$ 35.000.00** |
| THIRTY FIVE THOUSAND DOLLARS. | |

============================

**GRAND TOTAL OF ALL DAMAGES AND FRONT PAY:**     **$ 3,595,000.00**

THREE MILLION FIVE HUNDRED NINETY FIVE THOUSAND DOLLARS.

    I Rely in Good Faith upon Stare Decisis and Prior Decisions of the U.S. Supreme Court and the Ninth Circuit in Letting those Decisions make Conclusions of Law and Facts. I am Not Drawing my own Conclusions of Law and Facts, but Relying upon Stare Decisis and Case Law Precedents to Draw those Conclusions.

    I WILLIAM J WHITSITT DO HEREBY RETAIN THE RIGHT TO ALTER, AMEND, AND ADD TO THIS COMPLAINT OR ANY SUPPORTING DOCUMENT AS NEEDED AS MATTER OF RIGHT.

    RIGHT TO TRIAL BY JURY IS WAVED.

I AM IN PRO SE AND I AM NOT HELD TO THE SAME PLEADING STANDARDS AS A LICENSED ATTORNEY AND I RETAIN THIS RIGHT. SEE: **Haines v. Kerner**, 404 US 519, 521.

I FILED THIS MATTER OF DISCRIMINATION AND THUS I, AM THE MASTER THAT DECIDES WHAT LAW IS TO BE FALLOWED. SEE: **FAIR, THE, v. KOHLER DIE & SPECIALTY CO.**, 228 U.S. 22 (1913).

I WILLIAM J. WHITSITT _William J Whitsitt_ THIS 9th DAY OF OCTOBER 2006, DO HEREBY DECLARE AND AFFIRM THAT ALL THE ABOVE FACTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE UNDER THE PENALTY OF LAW

ALSO LET JUDICIAL NOTICE BE TAKEN HERE THAT ALL EXPERT WITNESSESS AND EXPERTS ARE NOT ALLOWED IN TRIAL OR ANY PROCEEDINGS AS A MATTER OF RIGHT AND LAW.

I ALSO DEMAND ALL MY RIGHTS SUA SPONTE THAT THE COURT WILL ADVISE ME TIMELY OF ALL IMPORTANT OBJECTIONS AND SHALL ADVISE ME OF ALL OTHER TIMELY RIGHTS I HAVE AVAILABLE I DEMAND THIS RIGHT AS A MATTER OF LAW AND CONSTITUTIONAL RIGHT.

RESPECTFULLY SUBMITTED

_William J Whitsitt_
WILLIAM J. WHITSITT
DATED: October 9, 2006

ORIGINAL

1  WILLIAM J. WHITSITT
   335 CLOVER ROAD
2  TRACY, CA 95376
3  (209) 835-8053
   WHITSITTW@YAHOO.COM
4  IN PROPRIA PERSONA

5

6

7

8  IN THE UNITED STATES DISTRICT COURT FOR EASTERN DISTRICT OF CALIFORNIA SACRAMENTO

9                                            )
                                             )
10  WILLIAM J. WHITSITT                      )   **MEMORANDUM OF POINTS**
                                             )   **AND AUTHORITIES IN**
11                                           )   **SUPPORT OF COMPLAINT**
                                             )   **FOR ADEA DISCRIMINATION**
12  ------------VS---------                  )   **IN HIRING AND RETALIATION**
                                             )   **FOR DISCRIMINATION CLAIM**
13                                           )
                                             )
14  CARMONA STAFFING                         )
    MARTHA ACEVEDO                           )
15                                           )
                                             )
16  _____)

17                      **(JURISDICTION)**

18

19     **28 U.S.C. §§ 1343(3)** GRANTS JURISDICTION TO THE FEDERAL DISTRICT COURT TO Hear

20  and Determine all Title VII and ADEA Civil Rights Matters. In doing so Congress gave

21  Exclusive and Original Jurisdiction by Act of Congress to Federal District Court over all Civil

22  Rights matters. Equal Rights under the Fourteenth Amendment Clearly Grants Jurisdiction to

23

24  Federal Court for ADEA and other Title VII Claims.

25     Sec. 1343. Civil rights and elective franchise (a) The district courts shall have original jurisdiction of any civil action

26     authorized by law to be commenced by any person; (1) To recover damages for injury to his person or property, or
       because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance

27

28

---

of any conspiracy mentioned in section 1985 of Title 42; (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent; (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote. (b) For purposes of this section-- (1) the District of Columbia shall be considered to be a State; and (2) any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. **Title 28, U.S.C.A., Section 1342.**

Thus, U.S. District Court has Jurisdiction. I invoke Jurisdiction of the Federal Court and The Federal Constitution and ADEA Act of Congress. Thus answering Court Order about Jurisdiction.

Venue is Correct, because I am Domiciled in San Joaquin County and all the Incidents happened within the Same County. Thus, U.S. District Court for the Eastern District of California has Jurisdiction.

# (BRIEF HISTORY FILED WITH EEOC AND DFEH)

This is a Brief History of Facts that was filed with the EEOC in the Right to Sue Request. This is Evidence of Facts with Dates and Times they occurred. These Facts are Supporting Evidence of Discrimination.

"produc[e] evidence, circumstantial or direct, from which a fact finder might reasonably conclude that [Storage Technology] intended to discriminate in reaching the decision at issue." **Branson v. Price River Coal Co.**, 853 F.2d 768, 771 (10th Cir. 1988). See **McDonnell Douglas Corp. v. Green**, 411 U.S. 792, 802-04 (1973).

The plaintiff in a job discrimination action under **Title VII of the Civil Rights Act of 1964 (42 USC §§ 2000e et seq.**) may prove his case by direct or circumstantial evidence, as in any lawsuit, and the trier of fact should consider all the evidence, giving it whatever weight and credence it deserves; thus, a Federal District Court should not require an employee claiming job discrimination to submit direct evidence of discriminatory intent. **United States Postal Service Bd. of Governors v Aikens**, 460 US 711, 103 S Ct 1478,75 L Ed 2d 403

1        I Noticed that there was Job Opening for a Cabinet Maker on Cal-Jobs on (January 27th, 2006). I called Carmona Agency at approximately 10AM. I was told there was a Job opening for Cabinet Maker and I would be hired over the phone. Friday (January 27th, 2006 at approx 10:45 AM). She scheduled me for an appointment on: (Monday January 29th, 2006 at 10AM). [Martha Acevedo]. When I arrived and filled out all the paperwork and gave her my Resume. She first gave me a funny look, like I was too old to work for her. (Monday 11:45 AM). [Martha Acevedo]. She told me I will in contact with you soon. I called back several times, (Tuesday January 30,2006 at 10:45 AM), (Wednesday February 1, 2006 at 1:45 PM). That is when Martha Acevedo, stated to me that: "The owner of that Cabinet Shop is on vacation this week in Hawaii. He will be back next week. I called the supervisor who was left in charge and faxed him your Resume again. It is up to him." Then I would be working for Carmona Staffing until I made 90 days. I am either hire and fired or whatever by Carmona Staffing they are the people that would be paying me my wages. I called again on: (Thursday February 2, 2006). That when she said that she would call me on: (Monday February 6, 2006 in the afternoon). I waited till 4:30 PM and tried to Call Martha, the other girl working for Carmona Staffing took a message and said Martha was in a Staff meeting and that she would give Martha the message. I waited till (Tuesday Feb. 6, 2006), at 3:45 PM and still no call from Martha. I then called Martha and she said she is still waiting. On (Thursday Feb. 8, 2006 at 11 AM) I called Martha and Claimed Discrimination and then I faxed the first letter see Exhibit A and I also mailed a copy via first class mail. Then she called me back that afternoon about 45 minutes after I received the Fax confirmation email. Martha stated that the employer was not hiring but laying off the Temporary Employees. Last week on: (Friday, February 24th, 2006), I noticed that they still had the same add of CAL-JOBS. Letter to Carmona Staffing Agency sent 2 times see (Exhibit A.) Let Judicial Notice be taken here, that Carmona Agency had that Employment Add for another month. Last week on: (Friday, February 24th, 2006), I noticed that they still had the same add of CAL-JOBS. On (Thursday Feb. 8, 2006 at 11 AM) I called Martha and Claimed Discrimination and then I faxed the first letter see Exhibit A and I also mailed a copy via first class mail. Then she called me back that afternoon about 45 minutes after I received the Fax confirmation email. Martha stated that the employer was not hiring but laying off the Temporary Employees. When I told her who I am (gave her my name) she stated that she that she could hire me for that job opening.

The above is supporting Evidence to Infer Discriminatory Intent.

# (ADEA DISCRIMINATION IN HIRING)

To Establish a Prime Facie Case of ADEA, Discrimination, I must show the fallowing Elements of Discrimination. (1) membership in a protected group, (2) qualification for the Job in question, (3) an adverse employment action, and (4) circumstances supporting an inference of discrimination–is an evidentiary standard, not a pleading requirement. See, e.g., 411 U.S., at 800. I was qualified to do the Job for Hiring. I have over 6 years direct Experience in the Cabinet Trade. (2) qualification for the job in question,. I am (51) and over the

MEMORANDUM-COMPLAINT ADEA - CARMONA AGENCY                    Page 3 of 18

1  age of (40). **(1) membership in a protected group,.** I was Not Hired because of my Age. **(3) an adverse**

2  **employment action,.** See: **(Exhibits A, B, C.)**. This Elements being met, therefore Support a Prime

3
4  Facie Case of Discrimination. These Exhibits of Evidence clearly prove beyond by Preponderance

5  of Evidence that Carmona Agency was still seeking Workers to fill the Position that I Applied

6  for and was Not Hired. **(4) circumstances supporting an inference of discrimination—is an evidentiary standard, not**

7
8  **a pleading requirement.** I am Supporting Discrimination Claim with Direct Evidence and other

9  Supporting Evidence to Support a Prime Facie Case of Discrimination. I am thus, Pleading a

10  Prime Facie Case of Discrimination with Direct Evidence. See: **(Exhibits A, B, C.)**

11
12  An employment discrimination complaint need not contain specific facts establishing a prima facie case under the
McDonnell Douglas framework, but instead must contain only "a short and plain statement of the claim showing that
13  the pleader is entitled to relief," Fed. Rule Civ. Proc. 8(a)(2). The McDonnell Douglas framework—which requires the
plaintiff to show (1) membership in a protected group, (2) qualification for the job in question, (3) an adverse
14  employment action, and (4) circumstances supporting an inference of discrimination—is an evidentiary standard, not
a pleading requirement. See, e.g., 411 U. S., at 800. The Court has never indicated that the requirements for
15  establishing a prima facie case apply to pleading. Moreover, the McDonnell Douglas framework does not apply where,
16  for example, a plaintiff is able to produce direct evidence of discrimination. See Trans World Airlines, Inc. v. Thurston,
469 U. S. 111, 121
17

18  By me filing in this Court Direct Evidence to Support a Prime Facie Case this alone

19  will survive a Motion for Dismissal.

20
21  ...Douglas test is inapplicable where the plaintiff presents direct evidence of discrimination"). Under the Second
Circuit's heightened pleading standard, a plaintiff without direct evidence of discrimination at the time of his complaint
22  must plead a prima facie case of discrimination, even though ... Trans World Airlines, Inc. v. Thurston, 469 U. S. 111,
121

23
24  Other Discrimination and ADEA all have the same Framework of Prime Facie Case and Decision
Requirements. See: O'Connor v. Consolidated Coin Caterers Corp., 116 S.Ct. 1307, 517 U.S. 308 ID at 310.

25
26  I have Supported my Discrimination Claim by Direct Supporting Evidence. It is quite Clear

27
28

1  that the Named Employer Defendant (Carmona Agency) did engage in Employment Discrimination

2  against me. They failed to give me a Reason for Rejection from Employment. Their Excuse the

3
4  Employer has decided Not to Hire is Clearly Untrue, because the Employment Add was still

5  on Cal-Jobs a Month later. I wonder how many Considerably Younger workers where hired

6  during this Period of time? I clearly had more than the 1 year Experience required in

7
8  Employment Add. See: **(Exhibits A, B, C.)**. Thus, I was Qualified for the Position of Cabinet

9  Maker.

10  The Adverse Employment action is I was Not Hired because of my Age (51). In fact

11
12  **Martha Acevedo** asked me my age in the Interview. The Direct Evidence is I have several

13  Employment adds from Cal-Jobs up to almost a Month after the fact proving the Job Opening

14  still existed. I did [1]serve the Named Employer with Objections to Discrimination and

15  Discrimination Claims See: **(Exhibits C.)**. Thus further giving rise to Direct Evidence in

16
17  support of Prime Facie Case of Discrimination in Hiring Practices.

18  ## **(UNLAWFUL DISCRIMINATION IN HIRING PRACTICES)**

19  I have Supported my Discrimination Claim by Direct Supporting Evidence. It is quite Clear

20
21  that the Named Employer Defendant (Carmona Agency) did engage in Employment Discrimination

22  against me. They failed to give me a Reason for Rejection from Employment. Their Excuse the

23  Employer has decided Not to Hire is Clearly Untrue, because the Employment Add was still

24  on Cal-Jobs a Month later. I wonder how many Considerably Younger workers where hired
25

26  _____

27  [1] **I served this Notice 2 times on Carmona Agency. Faxed and mail 2-9-06, 2-27-06.**

28

1 during this Period of time? I clearly had more than the 1 year Experience required in

2 Employment Add. See: **(Exhibits A, B, C.)**. Thus, I was Qualified for the Position of Cabinet

3
4 Maker.

5 The Adverse Employment action is I was Not Hired because of my Age (51). In fact

6 Martha Acevedo asked me my age in the Interview. The Direct Evidence is I have several

7
8 Employment adds from Cal-Jobs up to almost a Month after the fact proving the Job Opening

9 still existed. I did [2]serve the Named Employer with Objections to Discrimination and

10 Discrimination Claims See: **(Exhibits C.)**. Thus further giving rise to Direct Evidence in

11 support of Prime Facie Case of Discrimination in Hiring Practices.

12

13 An employment discrimination complaint need not contain specific facts establishing a prima facie case under the McDonnell Douglas framework, but instead must contain only "a short and plain statement of the claim showing that

14 the pleader is entitled to relief," Fed. Rule Civ. Proc. 8(a)(2). The McDonnell Douglas framework–which requires the

15 plaintiff to show (1) membership in a protected group, (2) qualification for the job in question, (3) an adverse employment action, and (4) circumstances supporting an inference of discrimination–is an evidentiary standard, not

16 a pleading requirement. See, e.g., 411 U. S., at 800. The Court has never indicated that the requirements for establishing a prima facie case apply to pleading. Moreover, the McDonnell Douglas framework does not apply where,

17 for example, a plaintiff is able to produce direct evidence of discrimination. See Trans World Airlines, Inc. v. Thurston,

18 469 U. S. 111, 121

19 The Named Employer (Carmona Agency) Clearly is engaged in Predestined Hiring

20
21 Discrimination Practices. They Clearly acted with Malicious Intent and Deliberate and Wanton

22 Intent on Malice. The Clear Intent of Discrimination in Hiring Practices has been Established

23 by a Preponderance of Evidence.

24
... Douglas test is inapplicable where the plaintiff presents direct evidence of discrimination"). Under the Second
25 Circuit's heightened pleading standard, a plaintiff without direct evidence of discrimination at the time of his complaint

26
---
27 [2] I served this Notice 2 times on Carmona Agency. Faxed and mail 2-9-06, 2-27-06.

28

1
2

must plead a prima facie case of discrimination, even though ...Trans World Airlines, Inc. v. Thurston, 469 U. S. 111, 121

3

Let Judicial Notice be taken, here that I have Not entered ,into making Conclusions, I

4

have let the Decisions of Stare Decisis make those Conclusions.

5
6
7
8

Under California Fair Employment and Housing Act (FEHA), to establish prima facie case of age discrimination through circumstantial evidence, employee must show that he or she was: (1) member of protected class, that is, age 40-70; (2) performing his or her job in satisfactory manner; (3) discharged; and (4) replaced by substantially younger employee with equal or inferior qualifications ..." Discrimination in Employment Act of 1967, Sect. 621 et seq. Mitchell v. USBI Co,, (C.A.9 (Cal.) 1996) 186 F.3d 1338.

9
10

Let Judicial Notice be taken, here that, the Named Defendant Employer (Carmona Agency)

11

failed to give a Legitimate Reason for Failing to Hire me. The Excuse the Employer has

12

decided not to Hire is Clearly Not Valid and Rebuffed by a Preponderance of Evidence. See:

13

**(Exhibits A, B, C.)**. That leaves Discrimination as the Only Intent and Reason for the Named

14
15

Employer (Carmona Agency), not hiring me. **Let Judicial Notice be taken here, that Defendant**

16

**Employer's Motive and Intent is Clearly Established by a Preponderance of Evidence, as**

17

**Discrimination.**

18
19

# **PUNITIVE DAMAGES**

20

Let further Judicial Notice be taken here, that this Named Defendant Employer (Carmona

21

Agency), has Clearly Acted with Deliberate, Wanton, Intent on Malice. They also Acted with

22
23

Callous Indifference to my Civil Rights and the Law. They knew and or had to know that

24

their Acts where in Violation and Deprivation of my Civil Rights. It Demonstrates a Callous

25

Indifference to my Rights and the Law. Thus, Establishing the Right to Punitive Damages.

26

**PUNITIVE DAMAGES ARE DEMANDED FOR**.

27
28

---

# (DISPARATE IMPACT OR TREATMENT)

The Named Employer Defendant by their Acts have Created a Natural Disparate Impact or Treatment. They have Clearly Shown and Proven their Policy of Discriminating against all workers over a Certain Age. Thus they will be effectively eliminating well over 40 percent of the Eligible Working Class. By the Blanket Discrimination Policies that this Employment Agency (Carmona Staffing) has Exhibited, they are attempting to Eliminate most if Not all workers over the Age of (40). Thus the Creation of a Disparate Impact or Treatment Cause of Action.

Disparate impact claims are cognizable under the ADEA. Age Discrimination in Employment Act of 1967, § 2 et seq., 29 U.S.C.A. § 621 et seq. Katz v. Regents of the University of California, (C.A.9 (Cal.) 2000) 229 F.3d 831.

To state a prima facie disparate impact claim under the ADEA or the California Fair Employment and Housing Act (FEHA), an employee must demonstrate: (1) the occurrence of certain outwardly neutral employment practices, and (2) a significantly adverse or disproportionate impact on persons of a particular age produced by the employer's facially neutral acts or practices. Age Discrimination in Employment Act of 1967, § 2 et seq., 24 U.S.C.A. § 621 et seq.; West's Ann. Cal. Gov. Code § 12941 et seq. Katz v. Regents of the University of California, (C.A.9 (Cal.) 2000) 229 F.3d 831,

The Named Employment Agency Defendant has clearly acted as Proxy to further their Client Employers Discriminatory Practices. The Discriminatory Policy is meant to be Neutral in Guise to Hide the True Intent of Discrimination (ADEA). They have chosen to Not Hire or present any over (40) Workers for Employment, to their Employer Clients. Thus Creating a Disparate Impact or Treatment to me and other over (40) Applicants for Employment. Thus, under the Guise and Color of Neutral Employment Practices the Named Employment Agency Defendant is Clearly Creating a Disparate Impact or Treatment to me and all other perspective Job Applicants over the Age of (40). Thus a **subterfuge**, to hide their True Discriminatory Wanton,

1 Deliberate and Malicious Intent.

2

3 Although employee must raise inference of age discrimination as part of prima facie case in action challenging Employer's bona fide employee benefit plan, if plan is not "employee benefit plan" employee need not show that provision was subterfuge to avoid prohibitions of Age Discrimination In Employment Act (ADEA). Age Discrimination et seq., Civil Rights Act Of 1964, § 701 et seq., 1U.S.C.A. § 2000e et seq. 1, Adcock v. Chrysler Corp., (C.A.9 (Cal.) 1991) 166 F.3d 1290, certiorari denied 120 S. Ct. 55, 145 L. Ed.2d 48.

6 Thus, Proving a Clear intent to hide, conceal or subterfuge their True Intent of Plain

7 Deliberate Discrimination and violation of ADEA and FEHA. Thus, further Establishing and

8
9 Proving Motive and Intent on Deliberate, Wanton, Knowing and Intentional Malicious Intent

10 of Discrimination. Thus, creating a Clear Disparate Impact or Treatment Cause of Action.

11
## (DENIAL OF THE RIGHT TO WORK)
12

13 The Named Employment Agency Defendant is has Clearly beyond the Preponderance of

14 Evidence, Acted to Deny, Interfere with and Deprivate my Inalienable Right to Work. Thus,

15 Acting to Deny my Right to Contract my Labor for wages and the Right to Survive or Life.

16
17 The Inalienable Right to Trade or Contract my Labor for Compensation and or Wages is a

18 Protected Constitutional Right under the Fourteenth Amendment.

19
20 "Among these unalienable rights, as proclaimed in the Declaration of Independence, is the right of men to pursue their happiness, by which is meant, the right any lawful business or vocation, in any manner not inconsistent with the equal rights of others, which may increase their prosperity or develop their faculties, so as to give them their highest enjoyment...it has been well said that, THE PROPERTY WHICH EVERY MAN HAS IS HIS OWN LABOR, AS IT IS THE ORIGINAL FOUNDATION OF ALL OTHER PROPERTY SO IT IS THE MOST SACRED AND INVIOLABLE..." Butchers' Union Co. v. Crescent City Co., 111 U.S. 746 (1883); Adkin's v. Children's Hosp., 261 U.S. 525; Adair v. United States, 208 U.S. 172 (1907); Coppage v. Kansas, 236 U.S. 1 at pg. 14 (1915)

21

22

23

24 Thus by Discrimination and Discriminatory Intent the Named Employment Agency

25 Defendant has Violated my Fourteenth Amendment Right to Work, Trade my Labor or Contract

26
27 my Labor for Compensation and or Wages.

28

# (RETALIATION FOR DISCRIMINATION CLAIM)

By continuing their Employment Add in Cal-Jobs, Proves Retaliation by Not Hiring me or even Consideration for employment. It Clearly shows an Intent on Retaliation. I need Not bring this Charge to the EEOC to Exercise the Right to Sue for Retaliation. See:

Similarly, where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim. In Farmer  v. ARA Services Inc., 660 F.2d 1096, 1105 (6th Cir. 1981)

The Employment Agency Defendant (Carmona Staffing), has shown their Clear intent on Retaliation. Failure to hire in Future is the Adverse Employment Action. The 2 Letters Making a Discrimination Claim are the Relation Discriminatory or protected activity. See:

To state prima facie case of discrimination based on opposition to unlawful employment practice, employee must show that he engaged in statutorily protected activity, he subsequently was disciplined or lost his job, that causal link exists between protected activity and adverse action. Civil Rights Act of 1964 § 704(a), as amended, 42 U.S.C.A. Sect. 2000e-3(a).   Moyo v. Gomez, (C.A.9 (Cal.) 1994) 32 F.3d 1382, opinion amended 40 F.3d 982, certiorari denied Californ's Dept. of Corrections v. Moyo, 115 S Ct 732, 513 U.S. 1081, appeal after remand 164 F.3d 1382

In failure-to-hire context involving claim of retaliation, "adverse employment decision" is closing of job opening to plaintiff and loss of opportunity even to compete for that position; plaintiff need not show that she would have obtained the job. Civil Rights Act of 1964, § 704(a), as amended, 42 U.S.C.A. § 2000e-3(a).    Ruggles v. California Polytechnic State University, (C.A.9 (Cal.) 1986) 797 F.2d 782.

To make out prima facie case of retaliatory discharge in violation of Title VII, plaintiff must establish: (1) that he engaged in protected activity; (2) that defendants took adverse employment action against him; and (3) that causal connection existed between protected activity and adverse action. Green v. Clarendon County School Dist. Three D.S.C.1996,  923 F. Supp. 829 ;  Hoeppner v. Crotched Mountain Rehabilitation Cen. ter; Inc., C.A.1 (N.H.) 1994, 31 F.3d 9. Federal Civil Procedure Sect. 2544;  Essex v. United Parcel Service Inc., C.A.7 (Ind.) 1997, 111 F.3d 1304. ;..he was discharged after or contemporaneous with that activity, and causal link existed between protected activity and threats to sue; and loss of his job. Woodson  v. Scott Paper Co., E.D.Pa.1995, 898 F. SUPP. 298, affirmed in part, reversed in part 109 F.3d 913, rehearing and suggestion for rehearing in banc denied; certiorari denied 118 S.Ct. 299, 522 U.S. 914, 139 L. Ed.2d 230; see also: Munday v. Waste Management of North America, Inc., D.Md.1994, 858 F. SUPP. 1364, affirmed

in part, reversed m part 126 F.3d 239, certiorari denied 118 S.Ct. 1053, 522 US, 1116, 140 L. Ed.2d 116, on remand 997 F. Supp. 081.

Section 2000e-3(a) makes it unlawful for an employer "to discriminate against any of [its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice" by Title VII, 42 U.S.C.A. 2000e-3(a). To succeed in a retaliation claim, Folkerson must demonstrate (1) that she was engaging in protected activity/opposition, (2) that she suffered an adverse employment decision, and (3) that there was a causal link between her activity and the employment decision. Trent v. Valley Electric Ass'n, Inc., 41 F.3d 524, 526 (9th Cir. 1994).

The Employment Agency has clearly engaged in Retaliation against me for making a Discrimination Claim.

# (PUNITIVE DAMAGES)

Let further Judicial Notice be taken here, that this Named Defendant Employer (Carmona Agency), has Clearly Acted with Deliberate, Wanton, Intent on Malice. They also Acted with Callous Indifference to my Civil Rights and the Law. They knew and or had to know that their Acts where in Violation and Deprivation of my Civil Rights. It Demonstrates a Callous Indifference to my Rights and the Law. Thus, Establishing the Right to Punitive Damages.

The Named Employment Agency Defendant, clearly acted with Covert Intent to Hide, under the Guise of Neutral Hiring Practices. They acted with Deliberate Intent on Malice. To Dishonor a Older Worker like myself who needs job to support myself with Discrimination, warrants the Granting of Punitive Damages.

The standard for determining when evidence is sufficient to present the punitive damages issue to the jury is now governed by Kolstad v. American Dental Asociation, 119 S.Ct 2118 (1999). In that case, the Supreme Court rejected the District of Columbia Circuit's interpretation of Title VII, which would have required "egregious" conduct by an employer before punitive damages could be available. Id. at 2124. Instead, the Court stated that an employer may be liable for punitive damages in any case where it "discriminate[s] in the face of a perceived risk that its actions will violate federal law." Id. at 2125. The court made clear that although egregious conduct could be evidence of evil intent, such conduct was not required to establish punitive damages liability. Id. at 2126 (holding that egregious behavior provides "one means" of satisfying plaintiff's burden of proof for punitive damages). Thus, in general,

1 Worthless and Less than any other Citizen is In-Human and Unconstitutionally Unlawful. I am

2 Damaged in my person and disgraced. All because I am over (40).

3

4 While objective evidence requirements may exist in other circuits, such a requirement is not imposed by case law in

5 either Washington, the Ninth Circuit, or the Supreme Court. See Herring, 914 P.2d at 77-83 (upholding damage award in excess of $1,000,000, including $550,000 for emotional damages, in disability discrimination and retaliation

6 case based on testimonial evidence of emotional harm); Chalmers, 762 F.2d at 761 (upholding emotional damages based solely on testimony); Johnson v. Hale, 13 F.3d 1351, 1352 (9th Cir. 1994) (noting that emotional damages

7 may be awarded based on testimony alone or appropriate inference from circumstances); Carey v. Piphus, 435 U.S. 247 , 264 n.20 (1978) (noting that emotional distress damages are "essentially subjective" and may be proven by

8 reference to injured party's conduct and observations by others). See also Merriweather v. Family Dollar Store, 103 F.3d 576, 580 (7th Cir. 1996) (noting that plaintiff's testimony can be enough to support emotional damages). Most

9 important, Washington law contains no severity requirement as a precondition to awarding compensatory damages; thus, Passantino's testimony corroborated by that of her husband and sister is adequate to support the jury's verdict.

10 Herring, 914 P.2d at 81. (Emphasis Added)

11

12     As the Decision above states:

13 Carey v. Piphus, 435 U.S. 247 , 264 n.20 (1978) (noting that emotional distress damages are "essentially

14 subjective" and may be proven by reference to injured party's conduct and observations by others). See also Merriweather v. Family Dollar Store, 103 F.3d 576, 580 (7th Cir. 1996) (noting that plaintiff's testimony can be

15 enough to support emotional damage.

16     That my Testimony can be enough to Establish and Support Emotional Damages. Having

17
18 Anxiety , Depression, trouble Sleeping, and made to feel Inadequate Inferior and Worthless are

19 all symptoms of Emotional Distress. Thus, establishing Emotional Damage. I just Know I did

20 Not have all these Symptoms before this incident of Discrimination.

21
## (INDIVIDUALLY NAMED DEFENDANT)
22

23     I have Named MARTHA ACEVEDO, as an Individual Actor and Defendant for her  Acts

24 of Retaliation against me for making a Discrimination Claim.

25
26 On (Thursday Feb. 8, 2006 at 11 AM) I called Martha and Claimed Discrimination and then I faxed the first letter see Exhibit A and I also mailed a copy via first class mail.  Then she called me back that afternoon about 45 minutes

27 after I received the Fax confirmation email.  Martha stated that the employer was not hiring but laying off the

28

1    Intentional discrimination 40 is enough to establish punitive damages liability. However, the Court also acknowledged
      that there could be some instances in which intentional discrimination did not give rise to punitive damages liability.

2    The Court set forth three areas in which the factfinder could find intentional discrimination but the defendant would
3    nonetheless not be liable for punitive damages. First, if the theory of discrimination advanced by the plaintiff was
      sufficiently novel or poorly recognized, the employer could reasonably believe that its action was legal even though
4    discriminatory

5
      Malice may be established by showing the specific intent to commit an act from which malice may be implied. (People
6    v. Pensinger, (1991) 52 Cal.3d 1210, 1245 [278 Cal.Rptr. 640, 805 P.2d 899]; People v. Dellinger, (1989) 49
      Cal.3d 1212, 1222 [264 Cal.Rptr. 841, 783 P.2d 200]; Jackson v. Superior Court, (1965) 62 Cal.2d 521, 526
7    [42 Cal.Rptr. 838, 399 P.2d 374].)

8
      ... of or indifference to Wade's rights or safety. Instead, he contends that the proper test is one of actual malicious
9    intent - "ill will, spite, or intent to injure." 6 Brief for Petitioner 9. [461 U.S. 30, 38] He offers two arguments for this
      position: first, that actual intent is the proper standard ... precise terminology, have adopted more or less the same
10   rule, recognizing that punitive damages in tort cases may be awarded not only for actual intent to injure or evil motive,
11   but also for recklessness, serious indifference to or disregard for the rights of others, or even gross negligence.

12
      ... in passing that it appears quite uncertain whether even JUSTICE REHNQUIST's dissent ultimately agrees with Smith's
13   view that "ill will, spite, or intent to injure" should be required to allow punitive damages [461 U.S. 30, 38] awards.
      SMITH v. WADE, 461 U.S. 30 (1983)
14

15        The Named Employment Agency has clearly shown, Ill-Will, Spite and Intent to Injure
16
      along with Intent on Malice. Thus giving rise to the Granting of Punitive Damages.
17
18   **PUNITIVE DAMAGES ARE DEMANDED FOR.**

19                          **(EMOTIONAL DISTRESS)**

20        I Experienced Sleeplessness, Anxiety, Depression and Severe Hurt for being Discriminated
21
22   against because I am over (40). My Person and Finances have faced Irreparable Harm. I have
23   the feeling of being Worthless because of my age of (51). I also feel the sense of
24   Helplessness because I am Unwanted as a Productive Worker. I feel as though I am No Longer
25
26   a Productive and Excepted part of Society because I am over (40). To treat me like I am
27
28   _____

Temporary Employees. Last week on: (Friday, February 24th, 2006), I noticed that they still had the same add of CAL-JOBS. Letter to Carmona Staffing Agency sent 2 times see (Exhibit A.) Let Judicial Notice be taken here, that Carmona Agency had that Employment Add for another month. On (Friday February 24th, 2006) Let Judicial Notice be taken, here that I called Carmona Staffing about the Cabinet Maker Job, and Martha told me to come in and fill out an application and the job was still open. When I told her who I am (gave her my name) she stated that she that she could hire me for that job opening.

Martha Acevedo told me after I made a Discrimination Claim to her over the phone and by Fax, that the Employer was laying off all Temporary Workers and I was not Going to hire any more Workers.

Last week on: (Friday, February 24th, 2006), I noticed that they still had the same add of CAL-JOBS. On (Thursday Feb. 8, 2006 at 11 AM) I called Martha and Claimed Discrimination and then I faxed the first letter see Exhibit A and I also mailed a copy via first class mail. Then she called me back that afternoon about 45 minutes after I received the Fax confirmation email. Martha stated that the employer was not hiring but laying off the Temporary Employees. When I told her who I am (gave her my name) she stated that she that she could hire me for that job opening.

Martha Acevedo's own Words prove Her Individual Intent on Retaliation. Under California's FEHA, it allows me to sue and Individual Supervisor or Other for Retaliation. The Federal District Court must apply all State Law Claims applicable with Federal Law Claims. Now let Judicial Notice be taken here of the Fallowing Decision form the Ninth Circuit Court of Appeals which is Stare Decisis: In **WINARTO v. TOSHIBA AMERICA ELECTRONICS COMPONENTS, INC.,** No. 99-55448, 274 F.3d 1288, as Stare Decisis and Case Law Precedent.

The First Appellate District of the California Court of Appeal has ruled that an individual supervisor may be held liable for retaliation in violation of the Fair Employment and Housing Act ("FEHA").

FACTS

Plaintiff, Richard Walrath sued his former employer, Hatcher Press, Inc. and its president, Stephen Sprinkel, for wrongful termination, age discrimination in violation of the FEHA, retaliation, and intentional infliction of emotional distress. In moving for summary judgment, Sprinkel conceded he was the plaintiff's supervisor. The trial court granted summary judgment in his favor.

DISCUSSION

The question on appeal was whether the plaintiff's cause of action for retaliation against Sprinkel was barred by Reno v. Baird, 18 Cal. 4th 640 (1998), which held that a supervisor could not be sued individually for discrimination in employment under the FEHA or under a common law cause of action for discharge in violation of the public policy expressed in the FEHA. The plaintiff argued Reno was not dispositive because it did not involve a cause of action for retaliation in violation of public policy. The Court of Appeal agreed.

The Court found Reno was distinguishable because it dealt only with claims for discrimination and not claims for retaliation, which falls under a different statutory provision. The Court pointed out the statutory language regarding discrimination differs from other prohibitions under the FEHA. Whereas the prohibition regarding discrimination applies only to "an employer" (Cal. Govt. Code § 12940 (a)), the prohibition against retaliation under the FEHA applies to "any employer, labor organization, employment agency, or person" (Govt. Code § 12940(h)). The Court held the reference to "person" indicates a legislative intent to allow individual liability for retaliatory acts by supervisors.

## CONCLUSION

Reno v. Baird is not controlling as to a cause of action for retaliation and an individual supervisor may be liable for retaliation against an employee in violation of the FEHA. Walrath v. Sprinkel, (2002) 99 Cal.App.4th 1237, 121 Cal.Rptr. 2d 830.

Giving these words their ordinary meaning, we conclude that the plain meaning of the statute is susceptible to only one interpretation: supervisors can be held liable for retaliation under section 12940(h) of the California Government Code. See: (Winarto v. Toshiba America Electronics Components, supra, 274 F.3d at p. 1288.

The court noted that "[e]very federal district court that has considered this issue since Reno, has concluded that Reno does not apply to retaliation. E.g., Peterson v. Santa Clara Valley Medical Center, 2000 WL 98262 (N.D. Cal.2000); Soo v. United Parcel Serv., Inc., 73 F. Supp.2d 1126 (N.D. Cal.1999); Liberto-Blanck v. City of Arroyo Grande, 33 F. Supp.2d 1241 (C.D.Cal.1999); Kaminski v. Target Stores, 1998 WL 575097 (N.D. Cal.1998)." (Winarto v. Toshiba America Electronics Components, supra, 274 F.3d at p. 1288.)

Code § 12940 ("The Legislature finds and declares that it is the existing policy of the State of California to prohibit harassment and discrimination in employment on the basis of any protected classification."); Stevenson v. Superior Court, 941 P.2d 1157, 1161, 16 Cal. 4th 880, 889- 90 (1997) (holding that age discrimination can be the basis for a wrongful discharge suit because it violates the public policy expressed in the FEHA); Rojo v. Kliger, 801 P.2d 373, 389, 52 Cal. 3d 65, 90-91 (1990).

Martha Acevedo did Not act by accident she Acted with Deliberate, Wanton, Spite and Ill-Will and Malicious Intent on Retaliation against me because I made a Discrimination Claim. For Discrimination Claim made, see: **(Exhibit C.).** This Letter was sent to Carmona Staffing twice. She knew exactly what she was doing and it was her Intent to Retaliate and to get back at me because I was the only one out of 1000 or more that did that. She had the Clear Motive to get back at me for making a Discrimination Claim against her. She Failed to do what was Lawfully Required and Fair to begin with (Discrimination Claim). Then she

decided Not to do what is Lawfully Required again because she was going to get back at me, by Retaliating against me. Martha Acevedo Acted with full Intent and Complete Knowledge that her Acts where Unlawful. She has Callous Indifference to my Civil Rights. Thus, she crossed the Line from Permissible to Unlawful in her Retaliation against me, and She is Held Liable for her Individual Acts of Retaliation against me under California State FEHA.

The U.S. District Court must apply all State Law Claims that are Applicable with Federal Claims. See: <u>Alma v. Manufacturers Hanover Trust Co.</u>, 684 F.2d 622, 626 (9th Cir. 1982); <u>Gotthardt v. National Railroad Passenger Corp.</u>, 191 F.3d 1148, 1155 (9th Cir. 1999) Also In: <u>Passantino v. CPA</u>, (9th Cir. 2000) 98-35036:

> awarded compensatory damages on Passantino's federal claims, and because the jury awarded punitive damages, the jurors must have intended to award federal compensatory damages. While this reasoning is correct, it does not follow that the court erred by allocating the compensatory damages to the state law claims. As the verdict form indicates, the jury found for Passantino on both federal and state law retaliation claims, and awarded damages without specifying any particular allocation This is also the rule in the Ninth Circuit. See <u>Alma v. Manufacturers Hanover Trust Co.</u>, 684 F.2d 622, 626 (9th Cir. 1982). 14 Wholly aside from the allocation issue, CPI's argument that the front pay award is subject to the cap is erroneous. Front pay is not part of the compensatory award for purposes of Title VII's damage cap. <u>Gotthardt v. National Railroad Passenger Corp.</u>, 191 F.3d 1148, 1155 (9th Cir. 1999)

Thus, the District Court must hear all State Law FEHA Claims that are Applicable with Federal ADEA Claims. Thus I have established a Cause of Action against Martha Acevedo, for her Individual Acts of Retaliation.

Suit for Recovery of Damages from Individual Acts of Retaliation is Cognizable under State Law FEHA and thus Creating a Cause of Action.

# (CONCLUSION)

## CONCLUSIONS DRAWN BY STARE DECISIS

Let Judicial Notice be Taken, here that, I have Not come to my own Conclusions, I have Let Stare Decisis and Case Law Precedents Draw Conclusions. I have let the U.S. Supreme

Court and the Ninth Circuit Court of Appeals and other Circuit Court of Appeals along with California Appellate and State Supreme Court draw Conclusions which are Binding on this Federal Court. This Federal Lower Court must abide by Precedents Decisions of the U.S. Supreme Court and the Ninth Circuit. See: Hutto v Davis, 454 US 370, 102 S Ct 703, 70 L Ed 2d 556.

A precedent of the United States Supreme Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be. Hutto v Davis, 454 US 370, 102 S Ct 703, 70 L Ed 2d 556

Here are other Decisions concerning Stare Decisis:

Parties may reasonably rely upon legal pronouncements even though they emanate from sources other than the United States Supreme Court. United States v Peltier, 422 US 531, 95 S Ct 2313, 45 L Ed 2d 374

The doctrine of stare decisis requires that people in their everyday affairs be able to rely on decisions by the United States Supreme Court and not be needlessly penalized for such reliance. United States v Mason, 412 US 391, 93 S Ct 2202, 37 L Ed 2d 22

The doctrine of stare decisis provides the means by which courts assure that the law will not merely change erratically, but will develop in a principled and intelligible fashion; the doctrine permits society to presume that bed-rock principles are founded in the law rather than in the proclivities of individuals, and thereby contributes to the integrity of our constitutional system of government, both in appearance and in fact; and while stare decisis is not an inexorable command, any detours from the straight path of stare decisis have occurred for articulable reasons, and only when the court has felt obliged to bring its opinions into agreement with experience and with facts newly ascertained. Vasquez v Hillery, 474 US 254, 106 S Ct 617, 88 L Ed 2d 598

Thus, the Conclusions of the U.S. Supreme Court and the Ninth Circuit Court of Appeals are have a binding affect on the Lower Federal Courts. Thus Limiting Discretion beyond the Limits prescribed by Stare Decisis.

I have made No Conclusions except those Conclusions decided by Stare Decisis. Those Conclusions, I may Reasonably Rely upon and Quote as Conclusions:

Parties may reasonably rely upon legal pronouncements even though they emanate from sources other than the United States Supreme Court. United States v Peltier, 422 US 531, 95 S Ct 2313, 45 L Ed 2d 374

This Decision means that I may put my Reliance upon a Conclusion drawn in Stare Decisis as Law, and bring my Case within the Limits of that Decision.

1    I do Hereby Submit my Case to this Court for a Remedy At-Law and in Equity.

2    I do also Demand the Fallowing Remedies as a Matter of Right and Law.

3

4    I WILLIAM J WHITSITT DO HEREBY RETAIN THE RIGHT TO ALTER,
     AMEND, AND ADD TO THIS COMPLAINT OR ANY SUPPORTING DOCUMENT AS NEEDED
5    AS MATTER OF RIGHT.

6
     RIGHT TO TRIAL BY JURY IS WAVED.
7

8
     I AM IN PRO SE AND I AM NOT HELD TO THE SAME PLEADING STANDARDS
9    AS A LICENSED ATTORNEY AND I RETAIN THIS RIGHT. SEE: **Haines v. Kerner, 404 US 519,**
10   **521.**

11

12       I FILED THIS MATTER OF DISCRIMINATION AND THUS I, AM THE MASTER
     THAT DECIDES WHAT LAW IS TO BE FALLOWED. SEE: **FAIR, THE, v. KOHLER DIE & SPECIALTY**
13   **CO., 228 U.S. 22 (1913).**

14

15   I WILLIAM J. WHITSITT _____THIS _____ DAY OF OCTOBER 2006, DO HEREBY DECLARE AND
     AFFIRM THAT ALL THE ABOVE FACTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE UNDER THE PENALTY OF LAW
16

17

18       **ALSO LET JUDICIAL NOTICE BE TAKEN HERE THAT ALL EXPERT WITNESSES AND EXPERTS ARE**
19   **NOT ALLOWED IN TRIAL OR ANY PROCEEDINGS AS A MATTER OF RIGHT AND LAW.**

20

21       **I ALSO DEMAND ALL MY RIGHTS SUA SPONTE THAT THE COURT WILL ADVISE ME TIMELY OF ALL**
22   **IMPORTANT OBJECTIONS AND SHALL ADVISE ME OF ALL OTHER TIMELY RIGHTS I HAVE AVAILABLE I**
     **DEMAND THIS RIGHT AS A MATTER OF LAW AND CONSTITUTIONAL   RIGHT.**
23

24

25                     RESPECTFULLY   SUBMITTED

26

27                     _____
                       WILLIAM  J.  WHITSITT
28                     DATED: October 9, 2006

1  WILLIAM  J.  WHITSITT
2  335  W.  CLOVER  ROAD
   TRACY, CA  95378
3  HOME:  (209) 835 - 8053
4  CELL (209) 221 - 1405
   EMAIL:  WHITSITTW@YAHOO.COM
5  IN  PROPRIA  PERSONA

6

7

8  **IN THE US DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO**

9

10  WILLIAM  J.  WHITSITT                )
                                         )
11                                       )
                                         )
12  ------------vs------------           )     **PRIORITY OF LAWSUIT**
                                         )     **AND EXPEDITED HEARING**
13                                       )     **HEARING PROCESS IS**
14  CARMONA STAFFING                     )     **DEMANDED FOR DUE TO**
                                         )     **IRREPARABLE HARM AND**
15  MARTHA ACEVEDO                       )     **THE HIDING OF EVIDENCE**
                                         )     **CAUSED BY DELAY IN**
16                                       )     **JUSTICE**
17                                       )
18  _____)

19      I William J. Whitsitt, do Hereby make Demand and Claim for PRIORITY of Lawsuit
20
21  due to Irreparable Harm and Economic Hardship caused by Delay in Justice. The Delay will

22  Cause Irreparable Harm and I will Suffer Further Economic Harm and Hardship. The Named

23  Defendants and Employer will Suffer No Economic Harm will actually Benefit from a Delay
24
25  in Justice. I Demand as a Matter of Civil Right and In the Interest of Justice: PRIORITY

26  to have Civil Rights Cause of Action Heard in Expedited Process. I Move the Court to Grant

27  to Me and Expedited Hearing Process to Shorten the time of Hearing Process to Grant me

28  Justice in a Quicker time. Grant to PRIORITY and EXPEDITED Processing and Hearing
29
30

Process. When Irreparable Harm and suffering of Economic Hardship due to Unlawful loss of Employment for making Discrimination and being Denied Administrative Process at the Company level to Adjudicate the Discrimination matter. This denies a Prompt, Speedy and Adequate Remedy within Company Policy on Discrimination. Also Failure of CRG = Club Resource Group to address and even Acknowledge Discrimination Claim. Thus according to **Bowens v. City of New York, 476 US 467 Id at 483.** The U.S. District Court would be impowered to Grant an Expedited Hearing Process for Irreparable Harm. See also: **Mathews v. Eldridge, 424 U.S. at 330. "Where Claimants Interests in having a particular issue resolved promptly:..."** This would also include Priority to Expedite a Private Action of Discrimination against an Employer where I am facing Irreparable Economic Harm for having to Endure a Long Delay in Proceedings. There is No Adequate Speedy and Prompt Remedy within Federal Law.

I also Demanded for a hearing on Discrimination Claim and that has gone Unanswered and Ignored. Thus I am entitled to Expedited Hearing Process on my Civil Rights matter. The 8 months or longer delay in hearing process also gives the Employer and other Named Defendants ample time to destroy or hide evidence of Discrimination and Retaliation. It also increases the likelihood that facts and memory of facts will be forgotten and thus, giving the Employer and Named Defendants a Clear advantage. Let Judicial Notice be taken here, that even with EEOC Investigation, we are talking about almost year just for this Investigation Process. Thus, making it almost 2 years before the case even starts to come to Trial. That is why after I get Charges filed by the EEOC, I will seek a Right to Sue with this Expedited Hearing Process granted by this Court. Even this will not guaranty a Hearing Process within 6 Months of initial filing of Complaint. Thus, Congress never contemplated the Problems that would be caused by

1     them Not adding the Priority to for U.S. D.C. To **Expedite Discrimination Civil Right Causes**

2     **of Action**. The District Court does have the Discretion to Grant an Expedited Hearing Process

3
4     on a Case by Case Discretion. I ask this District Court to **Expedited Hearing Process**. I ask

5     this Court in the Interest of Justice and Fairness to Grant Expedited Hearing process Remedy.

6     Any delays in Proceedings will harm my case and thus Unfairly help the defendants. This

7
8     Court has a Duty to act in the Interest of Justice and Fairness and in the Rights of the

9     Indigents to have Reasonable Access to the Courts. This Right to Reasonable Access includes

10    the Right to Justice and Fair Play. See: **Greene v. McElroy, 360 U.S. 474, 496-97 (1959)**. Thus,

11    giving the Court Lawful Discretion to Grant an Expedited Hearing Process.

12
13    I ask this Court in the Interest of Justice and Fair Play to Protect Testimony and

14    Evidence to Grant the fallowing Remedies:

15    * **Grant Expedited Hearing Process Trial to begin within (180) ONE HUNDRED EIGHTY**
16    **days from the filing of Complaint.**

17    * **Summons and Compliant to be Served by the Court on the Defendants within**
18    **(30) Thirty Days of Complaint being Filed or as soon as Reasonably Possible**
19    **thereafter.**

20    * **Pre-Conference Hearing within (90) Ninety Days of Filing of Complaint.**

21    * **All Pre-Trial Motions to be heard within 120 days of the Filing of Complaint.**

22    * **No Delays Granted to the Defendants without true Just Cause. In Know way more**
23    **than (15) Fifteen Day.**

24    * **No Delays to be Granted unless Required by Rule or Law.**

25
26    I Pray and ask that the Court Grant all the Above Prayed for Relief (Expedited Hearing

27    Process) and any other Relief that this Court deems Reasonable and or Necessary. I Thank

28    the Court for its Diligent Understanding and Sound Discretion in the Granting of all the above

29
30

1 | Relief sought.

2

3

4 | I WILLIAM J. WHITSITT _William J. Whitsitt_ THIS _10th_ DAY OF OCTOBER 2006, DO HEREBY DECLARE AND
5 | AFFIRM THAT ALL THE ABOVE FACTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE UNDER THE PENALTY OF
6 | LAW

7

8 | **ALSO LET JUDICIAL NOTICE BE TAKEN HERE THAT ALL EXPERT WITNESSES AND EXPERTS ARE**
9 | **NOT ALLOWED IN TRIAL OR ANY PROCEEDINGS AS A MATTER OF RIGHT AND LAW.**

10

11

12 | RESPECTFULLY   SUBMITTED

13

14 | WILLIAM J. WHITSITT
15 | DATED:  October 10, 2006

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

## * * * EMPLOYMENT * * *


**ORIGINAL**

### COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH # E-2005-06-E-1227-00-ae

EEOC # 37A-A6-09308

If dual-filed with EEOC, this form may be affected by the Privacy Act of 1974.

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING and EEOC

| COMPLAINANT'S NAME (Indicate Mr. or Ms.) | | | | |
|---|---|---|---|---|
| WHITSITT, WILLIAM J, (MR.) | | | | |
| ADDRESS | | | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
| 335 W CLOVER RD | | | | (209) 346-5345 |
| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
| TRACY | CA | 95376 | SAN JOAQUIN | 077 |

### NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | | | | |
|---|---|---|---|---|
| CARMONA STAFFING | | | | |
| ADDRESS | | | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
| 1409 W OAK ST | | | | (209) 941-0141 |
| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
| STOCKTON | CA | 95203 | SAN JOAQUIN | 077 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOXES))
☐ RACE ☐ SEX ☐ DISABILITY ☐ RELIGION ☐ NATIONAL ORIGIN/ANCESTRY ☐ DENIAL OF FAMILY/MEDICAL LEAVE ☒ SEXUAL ORIENTATION ☐ COLOR ☒ AGE ☐ MARITAL STATUS ☐ MEDICAL CONDITION (cancer or genetic characteristics) ☐ OTHER (SPECIFY)

| NO. OF EMPLOYEES/MEMBERS | DATE MOST RECENT OR CONTINUING DISCRIMINATION | RESPONDENT CODE |
|---|---|---|
| 70 | TOOK PLACE (month, day, and year) FEBRUARY 24, 2006 | 71 |

THE PARTICULARS ARE:

I. On February 8, 2006, I was denied selection to the position of Cabinet Maker earning $13.00 hourly.

II. Martha Acevedo, Agency Worker informed me that I was denied the position because the owner is laying off employees.

III. I believe I was denied selection based on my age (51). My belief is based on the following:

    A. On January 29, 2006, I applied for a position of Cabinet Maker for which I am qualified. As I was filling out the application I noticed it asked for my date of birth.

    B. On February 8, 2006, Martha Acevedo, Agency Worker informed me that I was not selected because the employer was laying off employees.

    C. On February 24, 2006, I noticed that they had re-advertised for the position of Cabinet Maker.

☒ I also want this charge filed with the Federal Equal Employment Opportunity Commission (EEOC).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 2-28-06

At Sacramento
    City

COMPLAINANT'S SIGNATURE

DFEH-300-01 (12/99)      S:SB:ds
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED: February 28, 2006

STATE OF CALIFORNIA