IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT, | No. CIV S-06-2241 LKK DAD PS |
| Plaintiff, | |
| vs. | <u>ORDER AND</u> |
| CARMONA AGENCY STAFFING, et al., | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendants. / | |

     Plaintiff commenced this action on October 11, 2006.  On December 9, 2006, plaintiff was granted leave to proceed in forma pauperis and was ordered to provide the United States Marshal with the documents necessary for service of process on the defendants.  Plaintiff did not comply with the order.  On May 1, 2007, plaintiff was ordered to show cause in writing within ten days why this action should not be dismissed for lack of prosecution.  Plaintiff was cautioned that failure to timely file the required writing will result in a recommendation that this case be dismissed.  More than three weeks passed without any response from plaintiff.  On May 24, 2007, the undersigned recommended that this action be dismissed without prejudice.

     Plaintiff has not filed objections to the pending findings and recommendations, but he has filed an untimely response to the court's order to show cause.  Plaintiff alleges that he did not receive the court's order granting leave to proceed in forma pauperis and requiring

1

1  plaintiff to take specific steps regarding service of process.  Plaintiff asks the court for twenty
2  days to "serve the Court with a copy of Summons and Complaint and other Filings, filed with the
3  Court."  He also asks the court to forgive his late response to the order to show cause on the
4  grounds that he was out of the area "for the past week," returned home "this past Friday," and did
5  not receive the court's order to show cause immediately upon his return because the order "was
6  misplaced by a friend who was picking up [his] mail."  Plaintiff claims that he answered the
7  order to show cause "at the first available instance" after his mail was found.  Plaintiff requests
8  relief from default and twenty days to comply with the court's initial order.

9        Upon careful consideration of plaintiff's untimely response to the order to show
10  cause, the undersigned finds that plaintiff has not demonstrated good cause for his failure to file a
11  timely response to the order.  Plaintiff's response, which was received by the court on May 29,
12  2007, is dated May 26, 2007.  The calendar reflects that May 26, 2007 fell on a Saturday.  Even if
13  plaintiff intends to state that he returned home on Friday the 18th of May rather than Friday the
14  25th of May, and that he was out of the area for seven full days prior to May 18, 2007, i.e., from
15  May 11, 2007, to May 18, 2007, plaintiff's response nevertheless fails to explain why plaintiff
16  did not receive the court's order before he left the area.  Mail is presumed to be delivered within
17  three days after it is placed in the mail.  See Fed. R. Civ. P. 6.  Plaintiff has not accounted for the
18  entire period between May 5, 2007, i.e., three days after the order was placed in the mail to
19  plaintiff at his street address in Tracy, California, to May 11, 2007, if he left the area on that date.
20  Plaintiff's implication that the order arrived at his home after May 10th is not plausible.  In
21  addition, plaintiff has not filed a notarized affidavit or declaration under penalty of perjury by the
22  unidentified person who allegedly picked up plaintiff's mail, misplaced one piece of plaintiff's
23  mail, and then found the mail on an unspecified date.  The untimeliness of plaintiff's response
24  will not be excused.

25        The undersigned finds it difficult to credit plaintiff's allegation that he did not
26  receive this court's order filed and served on December 19, 2006.  The docket reflects that the

Clerk mailed the order to plaintiff at his street address in Tracy together with an instruction sheet, two USM-285 forms, two summons forms, and an endorsed copy of plaintiff's complaint. These documents were not returned to the court, and plaintiff suggests no explanation for his alleged failure to receive the order and accompanying documents.

Similarly, plaintiff offers no explanation for his complete failure to prosecute this action after filing it on October 11, 2006. His pro se complaint includes a demand that the court "advise [him] timely of all important objections and . . . advise [him] of all other timely rights." (Compl. at 10.) Attached to the pleading is a document titled "Priority of Lawsuit and Expedited Hearing, Hearing Process Is Demanded for Due to Irreparable Harm and the Hiding of Evidence Caused by Delay in Justice." (Id. at 29.) Despite plaintiff's protestations concerning priority and irreparable harm, it is evident that plaintiff made no inquiry concerning the status of his case between October 11, 2006, and May 26, 2007, and he has offered no evidence that he would ever have inquired had the court not issued its order to show cause.

It appears that this action should be dismissed due to plaintiff's failure to serve the summons and complaint on the defendants within 120 days after October 11, 2006.

> **Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). More than 270 days have elapsed since this action was filed, and plaintiff has not served the summons and complaint on any defendant. Plaintiff has made no showing of cause, much less good cause, for his failure to prosecute this action for more than seven months.

The factors to be weighed in determining whether to dismiss for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy

3

favoring disposition on the merits; and (5) the availability of less drastic sanctions. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992); <u>Carey v. King</u>, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam).  Dismissal is a harsh penalty that should be imposed only in extreme circumstances.  <u>Ferdik</u>, 963 F.2d at 1260.

Monetary sanctions are inappropriate due to plaintiff's in forma pauperis status.  The public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support the sanction of dismissal in this case.  Only the public policy favoring disposition on the merits counsels against dismissal.  However, in the absence of good cause, dismissal is mandated by Rule 4(m) of the Federal Rules of Civil Procedure.

Accordingly, IT IS ORDERED that this court's findings and recommendations filed May 24, 2007, are vacated; and

IT IS RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 13, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\whitsitt2241.f&r2